UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SANTIAGO MARTINEZ,

    Plaintiff,

vs.

KEVIN R. CHAPPELL,

    Defendants.

No. C 12-4356 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges a violation of due process resulting from the mandatory restitution fines arising from his conviction. Plaintiff states 55% of the money deposited into his prison trust account is diverted towards restitution. Plaintiff seeks a return of his money and to stop the restitution.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section

1983. *Id.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487.

Plaintiff is challenging the validity of the restitution aspect of his conviction, but the conviction has not been invalidated, so this claim must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

Even looking to the merits of plaintiff's claim, it does not warrant relief as state law provides for restitution and plaintiff's restitution is appropriate. California Penal Code §§ 2085.5(a) and (b) permit CDCR to deduct up to 50% of a prisoner's wage and trust account deposits and use those funds to pay off that prisoner's restitution. The entirety of this 50% deduction must be applied to that prisoner's restitution. California Penal Code § 2085.5(c) permits CDCR to deduct an additional amount, up to 10% of the amount deducted under subdivision (a) or (b), as an administrative fee. Thus, one subdivision authorizes a 50% deduction that is applied toward restitution and an entirely separate subdivision authorizes an additional deduction that is paid as an administrative fee. The amount of the second deduction is equal to 10% of the amount of the first deduction. Thus, if the prison deducts 50% under subdivision (a) or (b) for restitution, subdivision (c) authorizes prison officials to deduct an additional 10% of that amount. The two amounts taken together would add up to 55% of the wage and trust account deposit as in plaintiff's case

Nor do plaintiff's allegations raise an Eighth Amendment violation. The Excessive Fines clause limits the government's power to extract payments (in kind or in cash) as punishment for some offense. *United States v. Bajakajian*, 524 U.S. 321, 324 (1998). The Eighth Amendment is implicated if a sanction has a retributive or deterrent purpose in addition to a remedial purpose. *United States v. Dubose*, 146 F.3d 1141, 1144–45 (9th Cir. 1998) (holding the similar federal Mandatory Victims Restitution Act serves both a remedial

and a deterrent, rehabilitative, and retributive purpose, so that restitution under the Act is punishment implicating the Eighth Amendment).  "[J]udgments about the appropriate punishment for an offense belong in the first instance to the legislature." *Bajakajian*, 524 U.S. at 336 (citation omitted).  Only a grossly disproportionate amount will raise an Eighth Amendment excessive fines concern.  *Id.* at 334. ("A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense")).  Petitioner has not set forth any arguments that the restitution is grossly disproportionate.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **February 4, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 7, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Martinez4356.dwlta.wpd

4